# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# Case No. 19-20188-WILLIAMS

NBV LOAN ACQUISITION, LLC,

    Plaintiff,

vs.

LEXI DEVELOPMENT COMPANY, INC., et al,

    Defendants.
_____/

## ORDER

**THIS MATTER** is before the Court on Defendant Regions Bank's emergency motion to stay trial in bankruptcy court pending this Court's disposition of Defendant's motion to withdraw the reference. (DE 7).

Bankruptcy Rule 5011(c) provides explicitly that proceedings are not stayed merely by filing a motion to withdraw the reference; Bankruptcy Rule 5011(c) provides:

> The filing of a motion for withdrawal of a case or proceeding or for abstention pursuant to 28 U.S.C. § 1334(c) shall not stay the administration of the case or any proceeding therein before the bankruptcy judge except that the bankruptcy judge may stay, on such terms and conditions as are proper, proceedings pending disposition of the motion. A motion for stay ordinarily shall be presented to the bankruptcy judge. A motion for a stay or relief from a stay filed in the district court shall state why it has not been presented to or obtained from the bankruptcy judge. Relief granted by the district judge shall be on such terms and conditions as the judge deems proper.

Because a stay is not created simply as a result of the filing of a motion for withdrawal of the reference, the moving party bears the burden of proof in demonstrating to this Court that a stay of these proceedings pending a determination of the motion to withdraw the reference would be proper. "The substance of the [m]otion for a stay

pending decision on a motion for withdrawal of reference follows the same standards as any motion for stay. A movant must demonstrate: (1) the likelihood of prevailing on the merits, i.e., that the pending motion will be granted; (ii) that movant will suffer irreparable harm if the stay is denied; (iii) that the other party will not be substantially harmed by the stay; and (iv) that the public interest will be served by granting the stay." *Sec. & Exch. Comm'n v. Pension Fund of Am., L.C.*, No. 05-20863-CIV, 2005 WL 8156247, at *2 (S.D. Fla. Nov. 7, 2005).

The Court finds that Regions Bank has not met that burden because it cannot demonstrate a substantial likelihood of success in its motion or that it will suffer irreparable harm if the stay is denied. Under 28 U.S.C. § 157(d), a "district court may withdraw, in whole or in part, any case or proceeding referred under this section...for cause shown." Though the statute provides no definition for what constitutes "cause," the Eleventh Circuit has recognized certain factors to be considered, such as: uniformity in bankruptcy administration; decreasing forum shopping and confusion; efficient use of the resources of the courts and the parties; and avoidance of delay. *See Dionne v. Simmons (In re Simmons)*, 200 F.3d 738, 742 (11th Cir. 2000); *Parklane Hosiery Co., Inc. v. Parklane/Atlanta Venture (In re Parklane/Atlanta Venture)*, 927 F.2d 532, 536 n.5 (11th Cir. 1991). The district court should also consider whether a jury demand has been made, and whether the claims are core or non-core. *Holmes v. Grubman*, 315 F.Supp.2d 1376, 1381 (M.D. Ga. 2004). "[A] demand for a jury trial in a non-core case can, in itself, provide sufficient cause to withdraw the reference." *In re Aurora Capital, Inc.*, No. 12-61421-CIV, 2013 WL 2156821, at *2 (S.D. Fla. May 17, 2013) (quoting *In re Dreis & Krump Mfg. Co.*, No. 94 C 4281, 1995 WL 41416, at *3 (N.D. Ill. Jan. 31, 1995)).

This litigation has been ongoing for approximately 10 years. Trial in this matter was set over 8 months ago and the bankruptcy court has handled all pretrial matters. Consequently, withdrawing the reference on the eve of trial would certainly not be the most efficient use of resources of the courts and would engender, not avoid, delay. Regions Bank's motion rests on their claim that they made a jury demand and that one of their claims is non-core. But the bankruptcy court has already heard these arguments and denied them. Indeed, in February 2018, the bankruptcy court found that Region's Bank jury demand was nullified by the jury waiver in the intercreditor agreement. The bankruptcy court further ruled that NBV's non-core claim could be treated as core because the issues are inextricably intertwined to the core claim. Based on these facts and findings, the Court finds that Regions Bank has not shown that it will likely prevail on the merits of its motion.

Finally, Regions Bank cannot show that it will suffer irreparable harm if the stay is denied. The law is clear that federal courts do not allow direct appeal of orders denying a jury trial demand. *Howard v. Parisian, Inc.*, 807 F.2d 1560, 1566 (11th Cir. 1987). Indeed, the Eleventh Circuit has found that having to relitigate a case is not irreparable harm. See *In re BellSouth Corp.*, 334 F.3d 941, 954 (11th Cir. 2003) ("The mere possibility that a litigant might have to re-litigate a case is not a sufficiently compelling interest to warrant immediate review."). Additionally, under Southern District of Florida Local Rule 87.2(c) a District Court may "treat any order of the Bankruptcy Court as proposed findings of fact and conclusions of law if the District Court concludes that the Bankruptcy Judge should not have entered a final order or judgment consistent with Article III of the United States Constitution."

Accordingly, Regions Bank emergency motion to stay proceedings (DE 7) is **DENIED**.

**DONE AND ORDERED** in chambers in Miami, Florida, this ____ day of January 2019.

_____
KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE